UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMYTHYST BROWN, ) | CASE NO. 3:18-CV-801 |
| ) | |
| Plaintiff, ) | JUDGE JACK ZOUHARY |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Defendant. ) | |
| ) | |

Plaintiff Amythyst Brown ("Plaintiff"), pro se, requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. Plaintiff executed a brief on the merits on October 6, 2018, which was filed on October 12, 2018. ECF Dkt. #12. Defendant filed a merits brief on January 28, 2019. ECF Dkt. #15.

For the following reasons, the undersigned RECOMMENDS that the Court AFFIRM the decision of the ALJ and dismiss Plaintiff's case in its entirety with prejudice.

**I.   PROCEDURAL HISTORY**

Plaintiff protectively filed her applications for DIB and SSI on October 14, 2014, alleging disability beginning on November 9, 2012. ECF Dkt. #10 at 187-199. Her applications were denied initially and upon reconsideration. *Id.* at 123-150. Following the denial, Plaintiff requested a hearing before an ALJ, which was held on August 19, 2016 *Id.* at 151-165. Plaintiff appeared pro se at the hearing before the ALJ. *Id.* at 45. On March 23, 2017, the ALJ issued a decision and denied

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

1

Plaintiff's applications for DIB and SSI. *Id.* at 14. On February 20, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 1-4.

On April 9, 2018, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff's brief on the merits was due on or before July 22, 2018. ECF Dkt. #11. On September 25, 2018, Plaintiff had still not submitted her brief, and the undersigned issued an order for the Plaintiff to show cause on or before October 9, 2018 why the undersigned should not recommend dismissal of the case due to Plaintiff's failure to prosecute. *Id.* Plaintiff executed a brief on the merits on October 6, 2018, which was filed on October 12, 2018. ECF Dkt. ##11, 12. Defendant filed a merits brief on January 28, 2019. ECF Dkt. #15.

## II.     **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

In her March 23, 2017 decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 9, 2012, her alleged onset date. ECF Dkt. # 10 at 19. The ALJ determined that Plaintiff had the following severe impairments: posttraumatic stress disorder (PTSD); anxiety disorder; depressive disorder; personality disorder with antisocial traits; and a history of polysubstance abuse in reported partial remission (20 C.F.R. 404.1520(c) and 416.92(c)). *Id.* at 19-20. The ALJ found that the Plaintiff's hypothyroidism and joint pain impairments were non-severe. *Id.* at 20. Continuing, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20-22.

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she is limited to performing simple, routine tasks, with no production pace work; she should have no more than frequent interaction with the public, coworkers, and supervisors; she should be expected to adjust to no more than minimal changes in work settings or work requirements. *Id.* at 22. Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that Plaintiff can perform a significant variety of jobs that

2

exist in the national economy. *Id.* at 27. In conclusion, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 9, 2012 through March 23, 2017. *Id.*

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, the

Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra* (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)) (internal citations omitted).

### V.     ANALYSIS

In her brief on the merits, Plaintiff asserts the following:

(1) in [Finding of Fact] #3, Plaintiff disagrees with the administrative law judge's ("ALJ") finding that Plaintiff's joint pain does not amount to a severe impairment and requests the opportunity to present further evidence on that particular matter. ECF Dkt. #12 at 9; ECF Dkt. # 10[2] at 24;

(2) in [Finding of Fact] #4, Plaintiff disagrees with the ALJ's findings regarding "interacting with others, remembering, and adapting/managing oneself," stating the ALJ relied too heavily on her having a part-time job and promotion. ECF Dkt. #12 at 10-11; ECF Dkt. #10 at 25-26;

---

[2] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed as a .PDF, rather that the page numbers assigned by the CM/ECF system. When the Transcript was filed the .PDF included an index, with the indexed pages differentiated from the numerical pages. Accordingly, the page number assigned in the .PDF mirrors the page number printed on each page of the Transcript, rather than the page number assigned when the Transcript was filed in the CM/ECF system.

(3) in [Finding of Fact] #5, Plaintiff disagrees with the ALJ's statement that "[t]here are no relevant medical records prior to 2014 to support her contentions regarding her mental health," because Plaintiff asserts her mental health began declining in 2004 and she has medical records as proof. ECF Dkt. #12 at 11; ECF Dkt. # 10 at 28, 30;

(4) Plaintiff contends the ALJ relied too heavily on the opinions of psychology consultants and the fact that she had a successful part-time job with a promotion. ECF Dkt. #12 at 12; ECF Dkt. #10 at 30.

**A. Overreliance on Part-Time Job and Promotion**

Plaintiff first asserts that, throughout her decision, the ALJ relied too heavily on the fact that she had a part-time job at Hardee's restaurant for at least nine months (January to October of 2016) and that she had gotten a promotion there. ECF Dkt. #12 at 10-12. Plaintiff contends that she cannot work and only did so as part of a probation agreement. *Id.* at 2-3.

The undersigned finds that the ALJ's findings are supported by substantial evidence and she properly considered Plaintiff's part-time work and did not overemphasize this fact. At step one, the ALJ considered Plaintiff's part-time job and her promotion, but found that the earnings did not reach the applicable earnings threshold. ECF Dkt. #10 at 19. Therefore, she found that the Plaintiff has not engaged in substantial gainful activity during the relevant time period. *Id.* The ALJ did not mention Plaintiff's job or promotion at step two. *Id.* at 19-20.

At step three, the ALJ considered the severity of Plaintiff's mental impairments and found that, singly and in combination, they did not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, or 12.15 within 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* at 20-22. The ALJ considered whether the paragraph B criteria were satisfied. *Id.* at 20. Listing 12.08 requires fulfillment of both paragraphs A and B, and listings 12.04, 12.06, and 12.15 all require either the fulfillment of both paragraphs A and B or both paragraphs A and C to be satisfied. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(A)(2). To qualify under paragraph B criteria, one must demonstrate an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F): (1) Understand, remember, or apply information (see 12.00E1); (2) Interact with others (see 12.00E2);

(3) Concentrate, persist, or maintain pace (see 12.00E3); (4) Adapt or manage oneself (see 12.00E4)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(E).

The ALJ then considered the evidence in Plaintiff's reports and testimony with regard to each of the aforementioned areas of mental functioning. ECF Dkt. # 10 at 21-22. One of several circumstances the ALJ considered for each of the four areas for the paragraph B criteria was the Plaintiff's part-time job and promotion. *Id.* However, the ALJ also considered Plaintiff's testimony about what kind of activities she can and does perform and her attendance at Alcoholics/Narcotics Anonymous meetings. *Id.* For example, the ALJ relied on Plaintiff's own reports that she keeps a daily log to help her remember to do things, she pays her bills, and she atteends three NA/AA meetings per week. *Id.* The ALJ concluded that the paragraph B criteria were not satisfied. *Id.* at 22. She also found Plaintiff did not meet paragraph C criteria using the same type of analysis as with paragraph B criteria. *Id.* The ALJ noted that the record established that Plaintiff lives with family members and is able to perform most activities of daily living. *Id.*

Before moving on to step four, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels, with some non-exertional limitations. *Id.* The ALJ made this finding after considering all of Plaintiff's symptoms to the extent they were consistent with objective medical evidence and other evidence, as well as opinion evidence. *Id.* at 22-23. The ALJ noted that there was no medical evidence between the November 9, 2012 alleged onset of disability and May 2014 to support the Plaintiff's contentions regarding her mental health condition during that period. *Id.* at 26. However, the ALJ also noted that despite the lack of medical records, "this assertion seems credible given the consistent anger issues." *Id.*

The ALJ also followed a two-step process in considering Plaintiff's symptoms. *Id.* at 23. First, she considered "whether there is an underlying medically determinable physical or mental impairment(s)–i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques–that could reasonably be expected to produce the [Plaintiff's] pain or other symptoms." *Id.* Once an impairment under step one is found, then the ALJ "must evaluate the intensity, persistence, and limiting effects of the [Plaintiff's] symptoms to determine the extent

6

to which they limit the [Plaintiff's] functional limitations." *Id.* If such statements are not substantiated by objective medical evidence, the ALJ "must consider other evidence in the record to determine if the [Plaintiff's] symptoms limit the ability to do work-related activities." *Id.*

The ALJ then reviewed and assessed Plaintiff's own reports, a third-party function report from Plaintiff's mother, Plaintiff's testimony, and relevant medical records from 2014 to 2016. Id. at 23-26. Thus, Plaintiff's job and promotion were mentioned only twice by the ALJ in her initial analysis and conclusion, and it was mentioned once as a factor that the state agency psychological consultants considered. *Id.* at 24, 26.

The undersigned recommends that the Court find that the ALJ applied the proper standard to Plaintiff's case and considered much more than just Plaintiff's part-time job and promotion in making her assessments. She did not overemphasize or overly rely on Plaintiff's part-time employment in evaluating her case. Therefore, the undersigned RECOMMENDS that the Court find that the record indicates there is substantial evidence to support the ALJ's findings.

### B. "Disagreement" with ALJ's Findings and Request to Present New Evidence

Plaintiff "disagrees" with the ALJ's decision that her joint pain did not constitute a severe impairment, and she would like to present further evidence on that matter. ECF Dkt. # 12 at 9. She also disagrees with the ALJ's statement that there were no relevant medical records prior to 2014 to support her contentions of mental illness, and she stated that she has files of her time in the Marion Area Counseling Center. However, Plaintiff also stated that the medical records "don't justify" her current mental health status but are offered to show that even though she had not sought treatment during her teenage development years, her mental health began declining around 2004. *Id.* at 11-12. Plaintiff does not clearly indicate whether she is seeking to admit these medical records into evidence. Plaintiff also states that she drove back to her former employer in Kentucky to ask for a personal letter to explain how she managed to remain employed at Hardee's restaurant for so long. *Id.* at 1-2. However, Plaintiff does not indicate whether she actually has the letter from her employer or whether she is seeking to admit it into evidence.

Nevertheless, the Supreme Court has interpreted Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as prohibiting either party from putting any additional evidence before the district court upon judicial review. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Sixth Circuit expanded this to mean that a reviewing court is limited in what evidence it can consider in assessing the correctness of the ALJ's decision, or else it must remand if it finds the new evidence is material. *See Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992) ("The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence. Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material."); *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993).

At step two, the ALJ found the Plaintiff has several severe impairments, but she did not include Plaintiff's joint pain. ECF Dkt. #10 at 20. The ALJ analyzed Plaintiff's symptoms and medical history and treatment for her complained-of joint pain. She noted that Plaintiff was prescribed different medications to try to address the issue, and a rheumatologist ruled out lupus and later determined that she did not have a rheumatology cause for her pain. The ALJ also noted that the prescribed drugs did not improve Plaintiff's condition. The ALJ further noted that no specific medical diagnosis was made and there were no objective findings to support her allegations. Without more, the ALJ properly determined that the joint pain did not amount to a severe impairment, and Plaintiff failed to show that the ALJ's finding was erroneous or unsupported by substantial evidence. *Id.*

Further, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels, with some non-exertional limitations. *Id.* at 22. The ALJ made this finding after considering Plaintiff's symptoms to the extent they were consistent with objective medical evidence and other evidence, as well as opinion evidence. *Id.* at 22-23. The ALJ noted that there was no medical evidence between the November 9, 2012 alleged onset of disability and May 2014 to support the Plaintiff's contentions regarding her mental health condition during that period. *Id.* at 26. However, the ALJ also noted that despite the lack of medical records, "this assertion seems

credible given the consistent anger issues." *Id.* The ALJ thus limited Plaintiff's mental RFC to simple, routine tasks, with no production pace work, no more than frequent interaction with the public, coworkers, and supervisors, and adjustments to no more than minimal work setting changes or requirements. *Id.* at 22.

In addition, Plaintiff has not met the standard to show that any of the proposed new evidence is "material" and she presents no "good cause" to remand her case under Section 205(g) of the Social Security Act. Plaintiff's contention about the lack of medical records prior to 2014 is irrelevant because the ALJ still gives credence to her assertions because they are consistent with her mental health history and the ALJ limits her accordingly. For these reasons, the undersigned RECOMMENDS that the Court DENY Plaintiff's request to present new evidence because judicial review is confined to the evidence of record before the ALJ and Plaintiff fails to meet the burden of showing that new evidence should be submitted.

## **VI.** **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court AFFIRM the decision of the ALJ and dismiss the instant case in its entirety with prejudice.

Date: May 24, 2019  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).